UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TANNER ALAN BEEBE,

          Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

          Defendants.

CASE NO. 3:22-cv-05989-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 31, 2023

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

This matter is before the Court on the undersigned's Order to Show Cause or Amend Complaint. Dkt. 3. Plaintiff has not responded to the Court's order, even though the deadline to do so was February 10, 2023. *See* Dkt. Based on plaintiff's failure to respond to the show cause order and to cure the deficiencies in his proposed complaint, the Court recommends this matter

REPORT AND RECOMMENDATION - 1

be dismissed without prejudice and plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 1) be denied as moot.

## DISCUSSION

In his proposed complaint, plaintiff alleged his due process rights have been violated because he has been held more than 50 days since a finding of incompetency without admission to Western State Hospital for competency restoration services. Dkt. 1-1 at 5. Plaintiff contended this delay violates a settlement agreement in *Trueblood v. Wash. State Dep't of Health and Human Services*, No. 2:14-cv-01178 MJP, requiring restoration services within 7 to 14 days of an incompetency finding. *Id*. at 5. Plaintiff sought monetary damages and the dismissal of his criminal charges. *Id*. at 9.

After determining it was unclear from plaintiff's filing whether he was seeking relief available in habeas or relief available through a § 1983 action, the Court issued an order directing plaintiff to either file a completed § 1983 complaint or a § 2241 petition on or before February 10, 2023. *See* Dkt. 3. The Court also warned plaintiff that if he failed to amend his complaint or adequately address the issues addressed in the show cause order on or before that date, the undersigned would recommend dismissal of the action. *See id*.

Plaintiff has taken no action in response to the order to show cause. Therefore, the Court recommends this matter be dismissed without prejudice for failure to prosecute and to comply with a court order. Further, the Court recommends plaintiff's motion for leave to proceed IFP (Dkt. 1) be denied as moot.

## CONCLUSION

For the above stated reasons, the Court recommends this matter be dismissed without prejudice and that plaintiff's motion to proceed IFP (Dkt. 1) be denied as moot.

1     Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 31, 2023,** as noted in the caption.

    Dated this 16th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3